J-S31041-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEFFERY COFFER | : | |
| | : | |
| Appellant | : | No. 52 WDA 2019 |

Appeal from the Judgment of Sentence Entered September 12, 2017
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0001899-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEFFERY COFFER | : | |
| | : | |
| Appellant | : | No. 53 WDA 2019 |

Appeal from the Judgment of Sentence Entered September 12, 2017
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0001900-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEFFERY ALAN COFFER | : | |
| | : | |
| Appellant | : | No. 54 WDA 2019 |

Appeal from the Judgment of Sentence Entered September 12, 2017
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0001280-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

J-S31041-19

|   |   |   |   |
|---|---|---|---|
|   |   | : |   |
| v. |   | : |   |
|   |   | : |   |
|   |   | : |   |
|   |   | : |   |
| JEFFERY ALAN COFFER |   | : |   |
|   |   | : |   |
| Appellant |   | : | No. 55 WDA 2019 |

Appeal from the Judgment of Sentence Entered December 20, 2018
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0001386-2017

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
|   | : | PENNSYLVANIA |
| v. | : |   |
|   | : |   |
|   | : |   |
|   | : |   |
| JEFFERY ALAN COFFER | : |   |
|   | : |   |
| Appellant | : |   |
|   | : | No. 56 WDA 2019 |

Appeal from the Judgment of Sentence Entered September 12, 2017
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0001466-2017


BEFORE: OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED MARCH 25, 2020**

Jeffery Alan Coffer ("Coffer") appeals from the judgment of sentence

entered on September 12, 2017, following his guilty plea to numerous charges

in five separate cases. Coffer's counsel has filed an **Anders**[1] brief and a

petition to withdraw as counsel. Upon review, we grant counsel's petition to

withdraw and affirm the judgment of sentence.

_____

[1] **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

- 2 -

Coffer entered a negotiated guilty plea in September 2017 to the following offenses: Home Improvement Fraud, Possession of a Controlled Substance, Possession of Drug Paraphernalia, Robbery-Threat of Serious Bodily Injury, Terroristic Threats, Theft by Unlawful Taking or Disposition, Receiving Stolen Property, Recklessly Endangering Another Person, Theft by Deception, Forgery, and Access Device Fraud.[2] The court imposed the agreed-upon sentence, for an aggregate sentence of six to 12 years of incarceration, on September 12, 2017. Coffer did not appeal at that time. However, on May 9, 2018, Coffer filed a Post Conviction Relief Act petition, in which he requested that his appellate rights be reinstated *nunc pro tunc*. The court granted Coffer's request, and this timely appeal followed.

Counsel for Coffer identifies the following issues in his ***Anders*** brief:

1. Whether [Coffer] knowingly, voluntarily, and intelligently entered his guilty plea, when he did not understand the terms of the plea bargain?

2. Whether there is sufficient evidence to sustain [Coffer's] conviction…on the charge of Robbery-Threat of Immediate Serious Injury?

***Anders*** Brief at 2 (unnecessary capitalization omitted).

We must first determine whether counsel has satisfied the procedural requirements for withdrawing as counsel. ***See Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*) (stating that "[w]hen faced

---

[2] 73 P.S. § 517.8(a)(2), 35 P.S. §§ 780-113(a)(16)(32), 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 2706(a)(1), 3921(a), 3925(a), 2705, 3922(a)(3), 4101(a)(2), and 4106(a)(3), respectively.

with a purported ***Anders*** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw"). In order to withdraw pursuant to ***Anders***, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

***Commonwealth v. Cartrette,*** 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*). Further, in the ***Anders*** brief, counsel seeking to withdraw must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Id.*** at 355, n.5 (quoting ***Commonwealth v. McClendon***, 434 A.2d 1185, 1187 (Pa. 1981)).

Here, we find that counsel has complied with all of the above technical requirements.[3] In his **Anders** brief, counsel has provided a summary of the procedural history and facts of the case with citations to the record. Further, counsel's brief includes two issues that could arguably support the appeal, and counsel's assessment of why those issues are frivolous, with citations to the record and relevant legal authority. In addition, counsel served Coffer with a copy of the **Anders** brief and advised him of his right to proceed *pro se* or retain a private attorney to raise any additional points he deemed worthy of this Court's review. Petition to Withdraw, 11/12/19, at ¶ 23. Coffer has not responded to counsel's petition to withdraw. As we find counsel has met the technical requirements of **Anders** and **Santiago**, we will proceed to determine if the issues counsel identified are wholly frivolous.

The first issue presented in counsel's **Anders** brief is whether Coffer knowingly, voluntarily, and intelligently entered his guilty plea when he allegedly did not understand the terms of the plea bargain. **Anders** Br. at 2. Initially at the guilty plea and sentencing proceeding, the Commonwealth believed that the plea bargain agreed to by the parties was for an aggregate sentence of seven to 14 years of incarceration, whereas Coffer asserted that the plea bargain was for an aggregate sentence of six to 12 years in prison. N.T., 9/12/17, at 2-3. However, the Commonwealth acknowledged that it was

_____

[3] We note that this is counsel's second Petition to Withdraw as Counsel. We denied counsel's first Petition to Withdraw as Counsel on October 22, 2019, without prejudice, for failing to set forth his reasons for concluding that the appeal was frivolous.

mistaken and agreed that the plea bargain was, in fact, for six to 12 years in prison. *Id.* at 4-5. Coffer stated he was satisfied with the plea bargain and said, "Well of course I'm going to say yes" to the Commonwealth's offer. *Id.* at 3. The court completed the guilty plea colloquy and accepted the plea, and imposed the agreed-upon sentence. *Id.* at 9-10.

To be valid, a guilty plea must be knowing, intelligent, and voluntary. ***Commonwealth v. Pollard***, 832 A.2d 517, 522 (Pa.Super. 2003). The court therefore must conduct an on-the-record inquiry to determine whether the plea is voluntarily and understandingly tendered. ***Commonwealth v. Hodges***, 789 A.2d 764, 765 (Pa.Super. 2002) (citing Pa. R.Crim.P. 590(a)). The court must develop a record that affirmatively shows that the defendant understands: (1) the nature of the charges to which the defendant is pleading guilty; (2) the factual basis for the plea; (3) the right to a jury trial; (4) the presumption of innocence; (5) the permissible ranges of potential sentences and fines; and (6) that the court is not bound by the terms of the agreement unless it accepts it. ***Commonwealth v. Kelley***, 136 A.3d 1007, 1013 (Pa.Super. 2016). There is a presumption that a plea was knowing, intelligent, and voluntary, and the defendant bears the burden of proving otherwise. ***Pollard***, 832 A.2d at 523.

In deciding whether a guilty plea was knowing, intelligent, and voluntary, a court is free to consider the totality of the circumstances surrounding the entry of the plea. ***Commonwealth v. Allen***, 732 A.2d 582, 588-89 (Pa. 1999). Further, a defendant who elects to plead guilty is required

- 6 -

to answer all questions during the plea colloquy truthfully and may not later assert grounds for withdrawing the plea that contradict the defendant's statements during the colloquy. **Pollard**, 832 A.2d at 523.

Here, Coffer executed a written guilty plea form wherein he stated that he understood that he did not have to plead guilty, he had the right to a trial, the Commonwealth bore the burden at trial of proving guilt beyond a reasonable doubt, and he was presumed innocent until proven guilty. The trial court also conducted an on-the-record colloquy in which Coffer acknowledged that he completed the guilty plea form and understood all the rights he was giving up, including his right to go to trial. N.T., 9/12/17, at 6. He admitted that he was a repeat felony offender, and stated that because he had previously pled guilty in other cases "quite a few times," he was familiar with the plea bargain process. **Id.** Coffer said he was taking two medications but that they did not affect his ability to understand what was happening; rather, he "absolutely" knew what was occurring. **Id.** at 5-6.

The court then questioned Coffer about the facts of each case and Coffer admitted to committing the crimes. Coffer explicitly admitted robbing a gas station while falsely claiming to have a weapon, failing to build roofs on two houses after receiving payment, stealing a credit card and using it at various stores and ATMs, and possessing drug paraphernalia. **Id.** at 6-9.

Upon review, we find the trial court made the required inquiries and the record provides no basis for concluding that Coffer's guilty plea was not knowing, intelligent, and voluntary. The sentence imposed was entirely

consistent with the terms of the plea agreement and there were no defects in the plea colloquy. Coffer unequivocally testified during the colloquy that he entered into the plea agreement voluntarily and understood its terms, and those statements bind him. ***Pollard***, 832 A.2d at 523. Accordingly, Coffer's claim that he did not understand the terms of the plea agreement is frivolous.

The second issue presented in counsel's ***Anders*** brief is whether there was sufficient evidence to sustain Coffer's conviction for robbery-threat of serious bodily injury. ***Anders*** Br. at 2. However, Coffer's guilty plea acted as a waiver of any challenge to the sufficiency of the evidence, and had the effect of admitting all the elements of the robbery charge.[4] ***See Commonwealth v. Tareila***, 895 A.2d 1266, 1267 (Pa.Super. 2006) ("The entry of a guilty plea constitutes a waiver of all defects and defenses except lack of jurisdiction, invalidity of the plea, and illegality of the sentence"). Indeed, Coffer explicitly admitted at the guilty plea hearing all of the facts necessary to sustain his robbery conviction:

> THE COURT: There's a robbery charge, Graft Sunoco, Connellsville.
>
> [COFFER]: Yes, sir.
>
> THE COURT: By Bud Murphy's?
>
> [COFFER]: Yes, sir.

---

[4] The crime of robbery-threat of serious bodily injury is defined as follows: "A person is guilty of robbery if, in the course of committing a theft, he…threatens another with or intentionally puts him in fear of immediate serious bodily injury[.]" 18 Pa.C.S.A. § 3701(a)(1)(ii).

THE COURT: $124.00?

[COFFER]: Yes, sir.

THE COURT: What exactly did you do?

[COFFER]: I was sick that day. I wanted more drugs and walked in there and told the, asked the attendant if he was closed for the evening, he said no. I warned him I had a weapon and kind of like acted like I did and asked that he give me the money and he did.

THE COURT: But you didn't have a weapon.

[COFFER]: No, sir.

N.T., 9/12/17, at 6-7.

As previously discussed, any claim that Coffer's guilty plea was not knowing, intelligent, and voluntary is frivolous. Thus, he has waived his right to challenge the sufficiency of the evidence on appeal, and the second issue is frivolous.

We therefore agree with Coffer's counsel that the issues counsel identified are wholly frivolous, and our independent review of the record has disclosed no non-frivolous issues. Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/25/2020